UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| SMILEY JAMES HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>USA,<br><br>    Defendant. | Case No. 21-cv-00820-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 1 |

Now pending before the court is a "Petition For Quiet Title to Land Conveyed by Lake County Tax Collector," (dkt. 1) filed *pro se* by Petitioner Smiley James Harris. Petitioner has filed many lawsuits in this court under various names including: James L. Harris; Smiley Harris; Smiley J. Harris; Harris Enterprises LLC; Harris Enterprises LLP; and, the Church of Greater Faith and Redemption. Indeed, the instant lawsuit is the second incarnation of Petitioner's effort to bring this particular matter before the court. For the reasons stated below, the Petition (dkt. 1) is dismissed with leave to amend.

**BACKGROUND**

In February of 2018, Plaintiff filed this case under the pseudonym of Harris Enterprises, LLC, and petitioned the court in the nature of a quiet title action pertaining to 598.76 acres of land (at 11742 High Glade Road, Lucerne, California 95458). *See Harris Enterprises, LLC., v. United States*, Case No. 3:18-cv-00776-WHO (Filed 02/06/2018) (dkt. 1). Therein, Petitioner claimed "[t]hat on January 29, 2018, the Tax Collector of Lake County, conveyed the following land to Smiley James Harris, authorized representative for HARRIS ENTERPRISES, LLC . . ." *Id.* at 1. Petitioner claimed that "[t]he Defendant USA are the former owners" and "[t]hat Defendant USA

claim (sic) some interest in the above-referenced property, the nature of which claims are unknown to Plaintiff and can not be described except to state that said claims are adverse and prejudicial to Plaintiff." *Id*. Petitioner also filed certain documentation, in addition to the petition in his 2018 case, in the nature of a handwritten receipt that purports to indicate that Harris Enterprises LLC paid $187.26 to the Lake County Tax Collector attended with the following notations, "delinquent tax payoff" and "$75 release of lien." *See id*. (dkt. 2-1) at 1-2. This was the entirety of Petitioner's filing in 2018 – a 2-page petition and a 2-page receipt for the alleged payment of what appears to be a tax bill for the parcel of land in question. In June of 2018, Petitioner's case was dismissed for failure to prosecute and because a fictional entity (Harris Enterprises LLC) may not proceed *pro se*. *See id*. (dkt. 14) at 1.

More recently, on February 2, 2021, Petitioner has re-filed the same case, however, this time he has chosen to proceed under his own name (Smiley J. Harris). *See* (dkt. 1) at 1. Pertaining to the same quantity of land (598.76 acres) at the same address (11742 High Glade Road), Petitioner re-states largely the same allegations with two notable differences: (1) Petitioner contends that he conveyed the property to himself on February 27, 2018 by executing a deed wherein HARRIS ENTERPRISES LLC conveyed said property to Smiley J. Harris (citing a document number as "2018002416" and a recording date of 02/27/2018), and (2) noting a subsequent deed correction (citing a document number as "2020002362" and an effective date of 02/26/2020). *See id*. at 1-2. At bottom, Petitioner seeks a judgment quieting the title in the subject real estate in himself "as fee simple owner and forever barring Defendant USA, or anyone on their behalf from any right, title or interest in the said subject real estate and for Plaintiff's costs herein." *Id*. at 2. What is notably absent from the Petition are a number of crucial facts: (1) a particularized description of exactly how and through which instrument (deed) this parcel was allegedly conveyed by Lake County to Harris Enterprises LLC in the first place; and (2) a particularized description of the precise nature of the right, title, and interest claimed by the United States. In other words, it is totally unclear whether the references to "Defendant USA" in the Petition are meant to refer to the United States of America, meaning that the land in question is public land; and, it is also totally unclear whether Petitioner merely showed up at the Lake County

United States District Court
Northern District of California

1 tax office, tendered a money order for the sum of $187.26, and then declared himself as the owner

2 of a 598.76 acre parcel of land, or whether the land was *in fact* conveyed by deed to Harris

3 Enterprises LLC by Lake County on January 29, 2018 as the Petition implies.

## DISCUSSION

When a plaintiff proceeds IFP, the complaint is subject to mandatory screening and the Court must order the *sua sponte* dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). In federal court, the Quiet Title Act, 28 U.S.C. § 2409a, is the "exclusive means by which adverse claimants [may] challenge the United States' title to real property." *Block v. North Dakota ex rel. Bd. Of Univ. & Sch. Lands*, 461 U.S. 273, 286 (1983). In this regard, the Quiet Title Act, specifies its own detailed pleading standard as such: "[t]he complaint shall set forth with particularity the nature of the right, title, or interest which the plaintiff claims in the real property, the circumstances under which it was acquired, and the right, title, or interest claimed by the United States." *See id*. at § 2409a(d). Additionally, because of the unique nature of public land owned by the United States, the Act also provides that, "[n]othing in this section shall be construed to permit suits against the United States based upon adverse possession." *See id*. at §2409a(n).

As mentioned, the Act requires plaintiffs in quiet title actions against the United States to set forth with particularity the nature of their right, title or interest, the circumstances under which it was acquired, and the right, title or interest claimed by the United States. The legislative history of § 2409a (*see* 1972 U.S. Code Cong. and Admin. News pp. 6487-6497) is silent on the Congressional intent or purpose in enacting the provisions now found at § 2409a(d). It appears, however, that subsection (d) was a congressional recognition of the United States' position as an extensive landowner and a reflection of congressional desire to expedite the task of the United States in responding to what might very well be a tempest of quiet title complaints. In any case, the language of § 2409a(d) is clear and it therefore becomes necessary, upon § 1915 screening, to determine whether the complaint in this action sets out the required information with particularity.

3

In his Petition, in a somewhat dubious manner, Petitioner alleges that the subject parcel of land was "conveyed" to Harris Enterprises LLC by the Lake County Tax Collector upon the tendering of $187.26; however, Petitioner fails to mention anything about a deed, or any other details bearing any semblance to an actual conveyance of real property. As mentioned, the Petition's omission of any description of a deed at the heart of the alleged conveyance between Lake County and Harris Enterprises LLC is more indicative of the notion that Petitioner has simply declared himself to be the owner rather than the occurrence of any actual conveyance. Accordingly, in filing an amended petition, Petitioner is **ORDERED** to describe with particularity the details of the circumstances of his alleged acquisition of the subject real property, including but not limited to the filing of a copy of the alleged deed conveying the subject real property between Lake County and Harris Enterprises LLC in January of 2018. In other words, while Petitioner has adequately described the land in question, Petitioner's description of his right, title, or interest in the property, and the circumstances under which the land in question was allegedly acquired is woefully insufficient to state a claim under § 2409a, and therefore insufficient to withstand screening under § 1915.

Additionally, Section 2409a(d) also requires plaintiffs to set out with particularity the right, title, or interest claimed by the United States. The Petition in this action merely notes that "Defendant USA claim (sic) some interest in the above referenced property, the nature of which claims are unknown to Plaintiff and can not be described except to state that said claims are adverse and prejudicial to Plaintiff." Pet. (dkt. 1) at 2. With this paltry description, the Petition essentially implies that it is incumbent on "Defendant USA" (assuming this refers to the United States), to answer the Petition and to describe whatever right the government may claim to this parcel of land. Petitioner's approach is insufficient. Clearly, § 2409a(d) requires plaintiffs to set forth a particularized description of the nature of the interest claimed by the United States and does not require the inverse as the Petition in this case appears to imply. Also, it should not go without mention that it would be a grand understatement to say that it is difficult to fathom how land owned by the United States of America has not only been subjected to local taxation, but that upon the federal government's failure to pay $187.26 to the municipality of Lake County, nearly

4

600 acres of federal land has been sold and conveyed by that municipality to the first person to show up with a money order in that amount, and that the only evidence of this highly unusual series of events is to be found in a handwritten receipt of questionable provenance. This notion is, of course, so difficult to believe due to the fact that since the earliest days of our Republic – and with very limited exceptions – it has been axiomatic that property owned by the United States is immune from taxation. *See McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 435-36 (1819) ("...when a State taxes the operations of the government of the United States, it acts upon institutions created, not by their own constituents, but by people over whom they claim no control. It acts upon the measures of a government created by others as well as themselves, for the benefit of others in common with themselves . . . [thus] [w]e are unanimously of [the] opinion, that the law passed by the legislature of Maryland, imposing a tax on the Bank of the United States, is unconstitutional and void."); *see also Van Brocklin v. Tennessee*, 117 U.S. 151, 175, (1886) ("But whether the property of the United States shall be taxed under the laws of a State depends upon the will of its owner, the United States, and no State can tax the property of the United States without their consent."); *Cleveland v. United States*, 323 U.S. 329, 333 (1945) (same); *Fed. Land Bank v. Bd. of Cnty. Comm'rs*, 368 U.S. 146, 149 (1961) (a federal instrumentality is not subject to the plenary power of the States to tax); and, *United States v. Mississippi State Tax Com*, 412 U.S. 363, 379 (1973) (same). While it appears highly unlikely that Petitioner can remedy these defects by way of an amendment, out of an abundance of caution, the court will provide him with a single opportunity to do so. Accordingly, in filing an amended complaint or petition, Petitioner is **ORDERED** to describe with particularity: (1) whether "Defendant USA" even refers to the United States of America at all; and, if so, (2) Petitioner is **ORDERED** to describe with particularity the exact nature of the right, title, or interest claimed by the United States in relation the subject parcel of land.

//

//

//

//

**CONCLUSION**

For the above-discussed reasons, the Petition (dkt. 1) is **DISMISSED WITHOUT PREJUDICE**. If Petitioner choses to file an amended complaint or petition, he is **ORDERED** to do so within thirty (30) days of service of this Order, such as to address the defects described herein. Failure to timely file an amended pleading may result in the dismissal of the case with prejudice.

**IT IS SO ORDERED.**

Dated: May 10, 2021

ROBERT M. ILLMAN
United States Magistrate Judge