UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| SMILEY JAMES HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>USA,<br><br>    Defendant. | Case No. 21-cv-00820-RMI<br><br>**INSTRUCTION TO REASSIGN CASE TO DISTRICT JUDGE; AND, REPORT AND RECOMMENDATION**<br><br>Re: Dkt. No. 1 |

## INSTRUCTION TO REASSIGN CASE

Pending before the court is a Petition (dkt. 1) which, for the reasons stated below, is due to be dismissed with prejudice due to Plaintiff's failure to prosecute the case or to otherwise communicate with the court. On February 2, 2021, Plaintiff filed a document which was docketed as a "Petition for Quiet Title against USA" (dkt. 1). Because the Petition failed to state a cognizable claim, it was dismissed with leave to amend on May 10, 2021 (*see* Order (dkt. 9)). Plaintiff's deadline for filing an amended petition – June 9, 2021 – has come and gone and Plaintiff has failed to file any amended pleading or to otherwise communicate with the court. Because the "Petition" has not been served, and because the unserved Defendant (ostensibly the United States) has not consented to proceed before a magistrate judge, the undersigned lacks jurisdiction to enter a dispositive order in this case. *See Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (holding that the consent of all parties, including unserved defendants, is a prerequisite to a magistrate judge's jurisdiction to enter dispositive decisions under 28 U.S.C. § 636(c)(1)). Accordingly, the Clerk of Court is instructed to **REASSIGN** this case to a District Judge such that the dispositive recommendations contained herein may be ruled upon.

**REPORT AND RECOMMENDATION**

Plaintiff claims to have purchased nearly 600 acres of land belonging to the United States by paying the sum of $187.26 to the tax collector of Lake County, California, based on his contention that the municipality of Lake County somehow levied a local tax upon federal land; and then, for the nonpayment of that amount, the municipality sold and conveyed that parcel of federal land to Plaintiff upon his payment of the allegedly delinquent sum. *See generally* Order of Dismissal (dkt. 9). For the reasons stated in the court's Order of dismissal, Plaintiff had not complied with the pleading requirements set forth in the Quiet Title Act (28 U.S.C. § 2409a) and, therefore, had failed to state a claim. Those requirements were then set forth and clearly explained to Plaintiff in the Order (dkt. 9) dismissing his Petition with leave to amend. The deadline for that amendment was June 9, 2021 (*see id*. at 6) however Plaintiff has neither filed an amended pleading, nor otherwise communicated with the court. In any event, as mentioned in the court's order dismissing with leave to amend, it appeared highly unlikely that Plaintiff would be able to remedy the defects in his pleading due to the wealth of authority that makes it clear that (with very few exceptions) federal property is wholly immune from local taxation. In light of Plaintiff's failure to file an amended complaint, the undersigned **RECOMMENDS** that his case be dismissed with prejudice for failure to prosecute.

Any party may file objections to this report and recommendation with the district court within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) & (C); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the district court's order.

**IT IS SO ORDERED.**

Dated: July 6, 2021

_____
ROBERT M. ILLMAN
United States Magistrate Judge

2